Michael MANTAS, M.D., a/k/a Michael Mantas, Mike Mantas, Dr. Michael Mantas d/b/a the Furniture Store and the Cowboy Furniture Store, Relators,

v.

THE FIFTH COURT OF APPEALS, Respondent.

No. 96–0198.

Supreme Court of Texas.

July 12, 1996.

Ronald D. Wren, Bedford, for Relators.

Kendall Wayne Hill, Fort Worth, Lewis Benjam Barnett, Jr., Lewisville, J. Benjamin Barlow, Fort Worth, for Respondent.

PER CURIAM.

In this original mandamus proceeding, we must determine whether the court of appeals abused its discretion by refusing to summarily enforce a settlement agreement reached while the underlying case was on appeal. We hold that, because the appellee disputed the validity of the settlement agreement, the appellant was required to seek enforcement of the agreement in a separate action, subject to the normal rules of pleading and proof. The court of appeals thus did not abuse its discretion in this regard. We further conclude, however, that the court of appeals did abuse its discretion by refusing to abate the appeal while appellant sought enforcement of the settlement agreement, and that appellant lacks an adequate remedy by appeal. We conditionally grant mandamus relief on the abatement issue only.

Lewis Barnett obtained a judgment against Michael Mantas for $209,423 in July 1995, in a suit arising from a commercial dispute. Mantas timely perfected an appeal and posted a supersedeas bond for the amount of the judgment and interest. The court of appeals ordered the parties to mediation, where they reached and signed a set-

tlement agreement. On December 8, 1995, pursuant to the settlement agreement, Mantas issued a check to Barnett and his attorneys for $160,000 in full satisfaction of the judgment, and Barnett signed a release of judgment, a joint motion to dismiss the appeal, and an agreed order dismissing the appeal.

Later that same day, before any documents were filed with the court of appeals, Barnett withdrew his consent to the settlement, revoking Mantas' authority to file the settlement documents on Barnett's behalf. While there is no dispute that the $160,000 settlement check was negotiated, Barnett contends that his attorneys, who no longer represented him, cashed the check without his authorization, collected their fee from the proceeds, and remitted the balance to the State Comptroller to pay back taxes allegedly owed by Barnett. The $160,000 has never been returned to Mantas.

Mantas moved in the court of appeals to enforce the settlement agreement. He asked the court to 1) declare the settlement agreement and release of judgment to be valid and enforceable, 2) dismiss the appeal with prejudice, and 3) release Mantas' supersedeas bond. Mantas alternatively asked the court to order Barnett to return the $160,000. The court of appeals denied Mantas' motion to enforce the settlement agreement, relying on *Cadle Co. v. Castle,* 913 S.W.2d 627 (Tex. App.—Dallas 1995, writ denied). That case held that enforcement of a disputed settlement agreement, even if reached at court-ordered mediation, must be determined in a breach-of-contract cause of action under normal rules of pleading and evidence.

Mantas consequently filed a separate suit, which is still pending, in district court to enforce the settlement agreement. Mantas then asked the court of appeals to abate the appeal pending resolution of the enforcement suit, but the court of appeals denied this request.[1]

Mantas seeks mandamus relief compelling the court of appeals to enforce the settlement agreement, or alternatively to abate the appeal pending resolution of the enforcement suit. We granted temporary relief staying the proceedings in the court of appeals pending our consideration of the merits.

Mantas argues that, because he has paid $160,000 in settlement which has not been returned, the settlement agreement must be enforced. He contends that it is fundamentally unfair to require him to continue prosecuting the appeal after he paid this amount to his opponent. Even if he prevails in the appeal, Mantas claims, he will probably not recover the payment from Barnett, whom he characterizes as judgment proof. Mantas thus concludes that he will be effectively denied his appellate rights.

Barnett responds that the settlement check was cashed without his authorization and that he personally received none of the money. Further, he seeks to assert affirmative defenses to the contractual settlement agreement, including fraud in the inducement, which he contends must be resolved in a separate enforcement suit. Barnett agrees, however, that the underlying appeal should be abated pending resolution of the enforcement suit.

▮▮▮▮ We recently reaffirmed that a written settlement agreement may be enforced though one party withdraws consent before judgment is rendered on the agreement. *See Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex.1995). Where consent is lacking, however, a court may not render an agreed judgment on the settlement agreement, but rather may enforce it only as a written contract. *Id.* at 462. Thus, the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof. *Id.* Where the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number. However, where the dispute arises while the underlying action is on appeal, as in this case, the party seeking enforcement

---

1. Mantas asked the district court which rendered the original judgment to release the supersedeas bond due to the settlement. While refusing to completely release the bond, the court did reduce it to $72,366.

must file a separate breach of contract action.

■ Because Barnett revoked his consent to the settlement before the court of appeals dismissed the appeal in accordance with the agreement, the court correctly determined that Mantas was required to seek enforcement in a separate suit. Mantas' settlement payment does not alter the procedural requirements set forth in *Padilla*. Consequently, the court of appeals did not abuse its discretion in refusing to summarily enforce the settlement agreement.[2]

■ Similarly, the court of appeals did not abuse its discretion by refusing to order Barnett to return the $160,000. Whether Barnett should return the money, and the resulting effect if he is unable to do so, are issues intimately related to Mantas' enforcement suit.

■ We conclude, however, that the court of appeals did abuse its discretion by refusing to abate the appeal pending resolution of the enforcement suit. It makes no sense for the court of appeals to expend its resources, and require the parties to expend theirs, on an appeal which may be moot. Certainly, a ruling on the merits of the appeal before judgment is rendered in the enforcement suit would inject needless uncertainty and confusion into the issues surrounding the settlement.

■ Mantas also lacks an adequate remedy by appeal regarding the abatement issue. If the agreement is ultimately upheld, Mantas will have lost much of the settlement's benefit if he has been required to expend time and resources in prosecuting the appeal. Under these unusual circumstances, the appellate remedy is inadequate. *Cf. Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73

(Tex.1992) (party has no adequate appellate remedy from trial court's erroneous refusal to compel arbitration).

For the foregoing reasons, the Court conditionally grants mandamus relief on the abatement issue. The court of appeals is directed to abate the underlying appeal pending final resolution (including all appeals) of Mantas' suit to enforce the settlement agreement. The Court denies Mantas' remaining requests for mandamus relief.

---

2. Section 154.071 of the Texas Civil Practice and Remedies Code, which applies specifically to court-ordered alternative dispute resolution, provides as follows:

(a) If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.

(b) The court in its discretion may incorporate the terms of the agreement in the court's final decree disposing of the case.

(c) A settlement agreement does not affect an outstanding court order unless the terms of the agreement are incorporated into a subsequent decree.

This section, however, does not create a separate standard for enforcing disputed settlement agreements that bypasses the common law pleading and proof requirements. *See Cadle Co. v. Castle*, 913 S.W.2d 627 (Tex.App.—Dallas 1995, writ denied).