Dismissed and Opinion filed June 20, 2002









Dismissed and Opinion filed June 20, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_________________

 

NO. 14-00-00771-CV

____________

 

MARGARET ANN LUTZ, Appellant

 

V.

 

CONTINENTAL AIRLINES, INC. AND RUSSELL SCOTT HOLLIMAN,
Appellees

 



 

On
Appeal from the 113th District Court 

Harris
County, Texas

Trial
Court Cause No. 99-31945

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment
signed June 6, 2002.  On July 20, 2000,
this Court determined the case was appropriate for mediation and issued an
order requiring the parties to mediate. 
On August 18, 2000, the mediator filed a report stating the parties had
settled.  On September 15, 2000,
appellant filed a motion entitled AUnopposed Motion for Leave of Court
to Continue Appeal.@  In that motion,
appellant admitted the parties had executed a settlement agreement; however,
appellant alleged the parties had been unable to Aconsummate@ the agreement.  Appellant asked the Court to continue the
appeal.  In her certificate of
conference, appellant stated Aappellees have no opposition to this motion.@ 









Despite the allegation that the
motion was unopposed, this Court held the motion for more than ten days
awaiting a response from appellees.  See Tex.
R. App. P. 10.3(a).  Appellees did not
file a response.  Given the statements in
the motion and the lack of response by appellees, on
October 5, 2000, the Court granted the motion, lifted the mediation stay,
placed the case back on the active docket, and notified the parties of the
ruling.  

On October 18, 2000, appellees filed a motion to dismiss the appeal or, in the
alternative, a request for the Court to reconsider its decision to continue the
appeal.  In that motion, appellees stated they did not respond to appellant=s motion because they were never
served with copy of the motion. 
Moreover, appellees emphatically denied
appellant=s statement that they were unopposed
to appellant=s motion.  Substantively, appellees
argued we should dismiss the appeal because the parties had entered into and
signed a binding settlement agreement.  

In response to appellees= motion to dismiss and reconsider,
appellant contended the appeal should not be dismissed, rather, it should be
continued.  Appellant admitted she
entered into and signed a settlement agreement; however, she argued the agreement
was not binding because:  (1) there was a
mutual or unilateral mistake of fact with regard to the terms of the mediated
settlement agreement; and (2) appellees
anticipatorily breached the terms of the mediated settlement agreement.  On this basis, appellant asked that we deny
the motion filed by appellees.  

Because appellant disputed the
validity of the settlement agreement, we held that appellees
had to seek enforcement of the agreement in a separate action, subject to the
normal rules of pleading and proof.  See
Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 657-59
(Tex. 1996).  We noted that we could not
dismiss the appeal based on the settlement agreement.  See id.  We held that we were required to abate the
appeal pending resolution of any enforcement action.  See id. at
659. 








Accordingly, we (1) denied appellee=s motion to dismiss; (2) granted appellee=s motion to reconsider our decision
to grant leave to continue the appeal; and (3) ordered the appeal abated
pending final resolution of any enforcement action relating the settlement
agreement signed by the parties.  We
ordered the appeal treated as a closed case and removed from the court=s active docket.  We noted that mandate would not issue until
the appeal was resolved by this Court or until we dismissed the case upon
proper motion.  We further ordered the
appellate timetables suspended during the abatement, and the parties to
promptly notify this Court when the dispute pertaining to the enforcement of
the signed settlement agreement was finally resolved.  

On June 17, 2002, appellant filed a
motion to dismiss the appeal because the case has been settled.  See Tex.
R. App. P. 42.1.  The motion is
granted.  

Accordingly, we order the abatement
lifted and the appeal dismissed.  

 

PER CURIAM

 

Judgment rendered and Opinion filed June 20, 2002.

Panel consists of Justices Hudson, Fowler, and
Edelman. 

Do Not Publish C Tex. R. App. P. 47.3(b).