Dismissed as Moot and Opinion filed August 29, 2002









Dismissed as Moot and Opinion filed August 29, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-00120-CV

____________

 

DIONNE LEE, Appellant

 

V.

 

ROSEN, NEWEY & VON BLON,
P.C., ROSEN & NEWEY, P.C., AND MARIAN S. ROSEN, Appellees

 



 

On
Appeal from the 127th District Court

Harris County, Texas

Trial
Court Cause No. 97-33363

 



 

M E M O R A N D U M  O
P I N I O N








This is an appeal from a judgment signed October 16,
1999.  On April 15, 1999, this court
determined the case was appropriate for mediation and issued an order requiring
the  parties to mediate.  At the conclusion of the mediation
proceedings on June 1, 1999, the parties entered into a ABinding Settlement Agreement.@ 
On June 3, 1999, the mediator filed a report with this court stating the
parties had settled.  Following the
settlement, appellant attempted to withdraw from the agreement based on alleged
breaches by appellees.  Section 6 of the
settlement agreement states that if any dispute arises with regard to the
drafting, interpretation, or performance of the agreement, the parties will
submit the dispute to the mediator for binding arbitration.  The dispute over the settlement agreement was
submitted to the mediator and, on July 13, 1999, he overruled all of appellant=s objections to the enforceability of
the settlement agreement. 

On June 21, 1999, appellant asked the court to lift its
mediation stay.  On July 21, 1999,
because neither party had filed a dispositive motion, the court lifted the
mediation stay and put the case back on the court=s docket.

On July 29, 1999, appellees filed a motion to dismiss the
appeal. Appellees asked the court to dismiss the appeal with prejudice pursuant
to the terms of the ABinding Settlement Agreement.@ 
Because appellant apparently revoked her consent to the settlement
before any dispositive motion was filed by the parties or acted upon by this
Court, we determined that appellees were required to seek enforcement of the
agreement in a separate action.  See
Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658-59(Tex. 1996).  Under Mantas, we could not dismiss the
appeal based on the settlement agreement. 
See id.  According to Mantas,
we were required to abate the appeal pending resolution of any enforcement
action.  See id. at 659.  Accordingly, we entered an order on August
26, 1999, which stated, in pertinent part: 


(1)             
We DENY
appellees= motion to dismiss.

(2)             
We ORDER
the appeal in cause number 14-98-00120-CV, Dionne Lee v. Rosen, Newey &
Von Blon, P.C., Rosen & Newey, P.C.,and Marian S. Rosen, abated pending
final resolution of any enforcement action relating to the ABinding Settlement Agreement.@  The appeal
will be treated as a closed case and is removed from the court=s active docket. 
Mandate will not issue until the appeal is resolved by this court or
until the court dismisses the case upon proper motion.

(3)             
We ORDER the
appellate timetables suspended during the abatement.

(4)             
We ORDER
the parties to promptly notify this court when the dispute pertaining to the
enforcement of the ABinding Settlement Agreement@ is finally resolved.

 








Subsequently, appellees filed a separate action to confirm
the arbitration award and  enforce the
Binding Settlement Agreement.  Appellees
ultimately filed a motion for summary judgment and motion to confirm.  The trial court confirmed the arbitration
award on March 6, 2000, and on March 7, 2002, entered summary judgment in favor
of appellees.  Appellant filed a motion for
new trial, which was denied, and then filed an appeal.  That appeal, filed under cause
number14-00-00759-CV, was affirmed by this Court in an opinion issued August
22, 2002.  In that opinion, we affirmed
the trial court=s judgment. 
Accordingly, because we have affirmed the trial court=s judgment, which confirmed the
arbitration award and entered judgment in favor of appellees, we dismiss the
appeal in cause number 14-99-00120-CV as moot. 


The appeal is ordered dismissed.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed August 29, 2002.

Panel consists of Justices Yates,
Anderson, and Frost. 

Do Not Publish C Tex. R. App.
P. 47.3(b).