# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00609-CV

**Robert Todd Ashmore; R.T. Ashmore, L.L.C.; and C.R. Ashmore Family Partnership Limited, Appellants**

**v.**

**Johnny R. Smith and Sharon Rossberg, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT NO. 21,050, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Todd Ashmore and the related Ashmore entities (collectively "Ashmore") appeal the final judgment of the trial court enforcing a mediated settlement agreement between Ashmore and appellees, Johnny Smith and Sharon Rossberg (collectively "Smith"). In his only issue on appeal, Ashmore contends that the trial court erred by issuing a final judgment based on the mediated settlement agreement instead of conducting a jury trial on the enforceability of the agreement. We will affirm.

Smith and Ashmore are neighboring property owners in Burnet County. Their properties are subject to a 100-foot set back restriction from the highway and share a water supply. A dispute arose between Smith and Ashmore concerning the parties' connections to the water supply, Smith's complaints about smoke and noise from Ashmore's barbecue restaurant, and

Ashmore's placement of propane tanks, coolers, and barbecue pits within the 100-foot set back. Smith sued Ashmore in district court seeking damages and declaratory relief. The case was referred to mediation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.021 (West 1997). After lengthy negotiations, the parties entered into a mediated settlement agreement, in which Ashmore agreed to pay Smith $24,000 and remove items from the 100-foot set back while Smith agreed to be disconnected from Ashmore's water and septic systems. The parties also agreed not to harass each other. This agreement was reduced to writing in a document entitled "Rule 11 — Mediated Settlement Agreement." The agreement was signed by Johnny Smith, Robert Ashmore, and the parties' attorneys in April 2003.

Pursuant to the agreement, Ashmore delivered a check to Smith for $24,000. The check was not cashed, however, and Smith initially refused to give Ashmore access to a valve on Smith's property, interfering with Ashmore's effort to disconnect Smith from the water supply. On May 19, 2003, a copy of the settlement agreement was filed with the district court; three days later Smith filed a motion to enforce the agreement. Ashmore responded by arguing that Smith had breached the agreement and because of Smith's breach, Ashmore repudiated the agreement and "desire[ed] to have this matter litigated by a court of law."

A hearing was held on the motion to enforce at which Johnny Smith and Robert Ashmore testified. At the conclusion of the hearing, the trial court decided to enforce the agreement and subsequently entered a final judgment that incorporated the terms of the April 2003 mediated settlement agreement.

In considering Ashmore's issue on appeal, we must determine whether the trial court should have conducted a jury trial on the enforcement issue and whether the court properly determined that the mediated settlement agreement was enforceable.

**Rule 11 Agreement**

Citing the Texas Supreme Court's opinion in *Padilla v. La France*, 907 S.W.2d 454 (Tex. 1995), Ashmore argues that the trial court erred by incorporating the terms of the mediated settlement agreement into its final judgment because Ashmore had withdrawn consent to the agreement. Ashmore, like the appellee in *Padilla*, however, "confuse[s] the requirements for an agreed judgment with those for an enforceable settlement agreement." *See id*. at 461.

The supreme court in *Padilla* discussed the distinction between the entry of an agreed judgment and the enforcement of a Rule 11 settlement agreement:

> Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract.

*Id*. A settlement agreement conforms with the requirements of Rule 11 if it is (1) in writing, (2) signed, and (3) filed with the court or entered in open court prior to a party seeking enforcement. Tex. R. Civ. P. 11; *Padilla*, 907 S.W.2d at 461; *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984); *West Beach Marina, Ltd. v. Erdeljac*, 94 S.W.3d 248, 255 (Tex. App.—Austin 2002, no pet.). An agreement may be filed with the court under the requirements of Rule 11 even if consent is withdrawn by a party prior to the filing. *Padilla*, 907 S.W.2d at 461.

The mediated settlement agreement between Ashmore and Smith met the requirements of Rule 11. It was reduced to writing in the document titled "Rule 11 — Mediated Settlement Agreement;" it was signed by both parties and their attorneys; and it was filed with the court prior to the filing of Smith's motion to enforce. We therefore hold that the mediated settlement agreement was an enforceable Rule 11 agreement and that the trial court did not err by entering judgment despite Ashmore's withdrawal of consent. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Padilla*, 907 S.W.2d at 461.

**Jury Trial**

Ashmore further argues that the trial court's entry of a final judgment incorporating the terms of the settlement agreement was error because the court did not grant his request for a jury trial on the issue of whether the agreement was enforceable due to a material breach by Smith.[1] Although Ashmore may have been entitled to a jury trial on the issue of whether the agreement was enforceable, we find that Ashmore received the process he asked for.

An agreement complying with Rule 11 is not automatically enforceable. Courts must employ the same procedures used to enforce other contracts when examining mediated settlement agreements. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (West 1997); *West Beach Marina, Ltd.*, 94 S.W.3d at 256. As with a contract, the only applicable vehicles for obtaining a judgment enforcing a Rule 11 settlement agreement are (1) a motion for summary judgment, if no fact issue

---

[1] At the core, Ashmore desires to set aside the Rule 11 agreement and proceed to a jury trial in the overall dispute. However, in this appeal Ashmore complains of the trial court's failure to let a jury determine the enforceability of the agreement.

4

exists, and (2) a non-jury or jury trial, if a fact issue exists. *Martin v. Black*, 909 S.W.2d 192 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *see Mantas*, 925 S.W.2d at 658-59.

At the enforcement hearing, the trial judge granted Ashmore's request to present evidence on the enforcement issue and heard testimony from Robert Ashmore and Johnny Smith regarding the events surrounding the agreement. At the conclusion of this bench trial on the issue, the trial court determined that there was no material breach that would discharge the parties' obligations under the agreement and that the agreement was enforceable.

Although Ashmore claims to have made a request for a jury trial, the record does not support his contention. For example, counsel for Ashmore argued:

> And so it's our view that they breached [the agreement], and at that point we repudiate this contract. And so based on that repudiation, based on equitable estoppel, we believe that these guys don't have clean hands to come in here to try to enforce an agreement that they are the ones that breached. We think it was a material breach. And we think the only way these issues are ever going to get resolved, Judge, is to let a jury in Burnet County try it.
>
> So that's our position in a nutshell, Judge . . . I think there's probably going to have to be some evidence that's going to be presented on this issue. And I'm prepared to call my client to put on evidence about the facts leading up to this, particularly if the court is inclined to sign any sort of judgment enforcing this Rule 11 Agreement.

Ashmore's counsel did refer to a jury trial, but his request was that the trial court discard the settlement agreement and proceed to trial on the issues otherwise resolved by the agreement.[2]

---

[2] After the presentation of evidence, Ashmore's counsel again made reference to a jury trial, but this was also in the context of resolving all of the issues of contention between the parties irrespective of the mediated settlement agreement:

Because of that material breach my client repudiated the contract.

Ashmore's counsel was prepared to, and did present evidence in the trial court on the issue of material breach. Ashmore's counsel never sought a jury trial for the limited determination of whether the agreement itself was enforceable and, therefore, the trial court did not err in conducting a bench trial on any fact issues pertaining to the enforcement of the agreement.

We hold that the mediated settlement agreement was an enforceable Rule 11 agreement; therefore the trial court, after notice and hearing, properly enforced the agreement even though Ashmore no longer consented to the settlement. Additionally, we conclude that Ashmore did not request a jury determination on the enforcement issue. We overrule Ashmore's only issue and affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: May 27, 2004

_____

Further, Judge, there is additional evidence to show that these problems are not going to end. There's been threats of additional litigation. And its our purpose for being here today, Judge, if we're going to fight this fight, let's get all these issues resolved because the threats have already been made. We're back in this courthouse. We ought to get all these issues resolved and let the jury decide.

6