TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00609-CV






Robert Todd Ashmore; R.T. Ashmore, L.L.C.; and C.R. Ashmore

Family Partnership Limited, Appellants


v.


Johnny R. Smith and Sharon Rossberg, Appellees







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 21,050, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Robert Todd Ashmore and the related Ashmore entities (collectively "Ashmore")
appeal the final judgment of the trial court enforcing a mediated settlement agreement between
Ashmore and appellees, Johnny Smith and Sharon Rossberg (collectively "Smith"). In his only issue
on appeal, Ashmore contends that the trial court erred by issuing a final judgment based on the
mediated settlement agreement instead of conducting a jury trial on the enforceability of the
agreement. We will affirm.

 Smith and Ashmore are neighboring property owners in Burnet County. Their
properties are subject to a 100-foot set back restriction from the highway and share a water supply. 
A dispute arose between Smith and Ashmore concerning the parties' connections to the water
supply, Smith's complaints about smoke and noise from Ashmore's barbecue restaurant, and
Ashmore's placement of propane tanks, coolers, and barbecue pits within the 100-foot set back. 
Smith sued Ashmore in district court seeking damages and declaratory relief. The case was referred
to mediation. See Tex. Civ. Prac. & Rem. Code Ann. § 154.021 (West 1997). After lengthy
negotiations, the parties entered into a mediated settlement agreement, in which Ashmore agreed to
pay Smith $24,000 and remove items from the 100-foot set back while Smith agreed to be
disconnected from Ashmore's water and septic systems. The parties also agreed not to harass each
other. This agreement was reduced to writing in a document entitled "Rule 11 -- Mediated
Settlement Agreement." The agreement was signed by Johnny Smith, Robert Ashmore, and the
parties' attorneys in April 2003.

 Pursuant to the agreement, Ashmore delivered a check to Smith for $24,000. The
check was not cashed, however, and Smith initially refused to give Ashmore access to a valve on
Smith's property, interfering with Ashmore's effort to disconnect Smith from the water supply. On
May 19, 2003, a copy of the settlement agreement was filed with the district court; three days later
Smith filed a motion to enforce the agreement. Ashmore responded by arguing that Smith had
breached the agreement and because of Smith's breach, Ashmore repudiated the agreement and
"desire[ed] to have this matter litigated by a court of law." 

 A hearing was held on the motion to enforce at which Johnny Smith and Robert
Ashmore testified. At the conclusion of the hearing, the trial court decided to enforce the agreement
and subsequently entered a final judgment that incorporated the terms of the April 2003 mediated
settlement agreement.

 In considering Ashmore's issue on appeal, we must determine whether the trial court
should have conducted a jury trial on the enforcement issue and whether the court properly
determined that the mediated settlement agreement was enforceable.


Rule 11 Agreement

 Citing the Texas Supreme Court's opinion in Padilla v. La France, 907 S.W.2d 454
(Tex. 1995), Ashmore argues that the trial court erred by incorporating the terms of the mediated
settlement agreement into its final judgment because Ashmore had withdrawn consent to the
agreement. Ashmore, like the appellee in Padilla, however, "confuse[s] the requirements for an
agreed judgment with those for an enforceable settlement agreement." See id. at 461. 

 The supreme court in Padilla discussed the distinction between the entry of an agreed
judgment and the enforcement of a Rule 11 settlement agreement:


Although a court cannot render a valid agreed judgment absent consent at the time
it is rendered, this does not preclude the court, after proper notice and hearing, from
enforcing a settlement agreement complying with Rule 11 even though one side no
longer consents to the settlement. The judgment in the latter case is not an agreed
judgment, but rather is a judgment enforcing a binding contract.



Id. A settlement agreement conforms with the requirements of Rule 11 if it is (1) in writing, (2)
signed, and (3) filed with the court or entered in open court prior to a party seeking enforcement. 
Tex. R. Civ. P. 11; Padilla, 907 S.W.2d at 461; Kennedy v. Hyde, 682 S.W.2d 525, 529 (Tex. 1984);
West Beach Marina, Ltd. v. Erdeljac, 94 S.W.3d 248, 255 (Tex. App.--Austin 2002, no pet.). An
agreement may be filed with the court under the requirements of Rule 11 even if consent is
withdrawn by a party prior to the filing. Padilla, 907 S.W.2d at 461.

 The mediated settlement agreement between Ashmore and Smith met the
requirements of Rule 11. It was reduced to writing in the document titled "Rule 11 -- Mediated
Settlement Agreement;" it was signed by both parties and their attorneys; and it was filed with the
court prior to the filing of Smith's motion to enforce. We therefore hold that the mediated settlement
agreement was an enforceable Rule 11 agreement and that the trial court did not err by entering
judgment despite Ashmore's withdrawal of consent. See Mantas v. Fifth Court of Appeals, 925
S.W.2d 656, 658 (Tex. 1996); Padilla, 907 S.W.2d at 461.


Jury Trial

 Ashmore further argues that the trial court's entry of a final judgment incorporating
the terms of the settlement agreement was error because the court did not grant his request for a jury
trial on the issue of whether the agreement was enforceable due to a material breach by Smith. (1) 
Although Ashmore may have been entitled to a jury trial on the issue of whether the agreement was
enforceable, we find that Ashmore received the process he asked for. 

 An agreement complying with Rule 11 is not automatically enforceable. Courts must
employ the same procedures used to enforce other contracts when examining mediated settlement
agreements. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (West 1997); West Beach Marina,
Ltd., 94 S.W.3d at 256. As with a contract, the only applicable vehicles for obtaining a judgment
enforcing a Rule 11 settlement agreement are (1) a motion for summary judgment, if no fact issue

 exists, and (2) a non-jury or jury trial, if a fact issue exists. Martin v. Black, 909 S.W.2d 192 (Tex.
App.--Houston [14th Dist.] 1995, writ denied); see Mantas, 925 S.W.2d at 658-59. 

 At the enforcement hearing, the trial judge granted Ashmore's request to present
evidence on the enforcement issue and heard testimony from Robert Ashmore and Johnny Smith
regarding the events surrounding the agreement. At the conclusion of this bench trial on the issue,
the trial court determined that there was no material breach that would discharge the parties'
obligations under the agreement and that the agreement was enforceable. 

 Although Ashmore claims to have made a request for a jury trial, the record does not
support his contention. For example, counsel for Ashmore argued:


And so it's our view that they breached [the agreement], and at that point we
repudiate this contract. And so based on that repudiation, based on equitable
estoppel, we believe that these guys don't have clean hands to come in here to try to
enforce an agreement that they are the ones that breached. We think it was a material
breach. And we think the only way these issues are ever going to get resolved, Judge,
is to let a jury in Burnet County try it.


So that's our position in a nutshell, Judge . . . I think there's probably going to have
to be some evidence that's going to be presented on this issue. And I'm prepared to
call my client to put on evidence about the facts leading up to this, particularly if the
court is inclined to sign any sort of judgment enforcing this Rule 11 Agreement.



Ashmore's counsel did refer to a jury trial, but his request was that the trial court discard the
settlement agreement and proceed to trial on the issues otherwise resolved by the agreement. (2) 
Ashmore's counsel was prepared to, and did present evidence in the trial court on the issue of
material breach. Ashmore's counsel never sought a jury trial for the limited determination of
whether the agreement itself was enforceable and, therefore, the trial court did not err in conducting
a bench trial on any fact issues pertaining to the enforcement of the agreement.

 We hold that the mediated settlement agreement was an enforceable Rule 11
agreement; therefore the trial court, after notice and hearing, properly enforced the agreement even
though Ashmore no longer consented to the settlement. Additionally, we conclude that Ashmore
did not request a jury determination on the enforcement issue. We overrule Ashmore's only issue
and affirm the judgment of the trial court.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: May 27, 2004

1. At the core, Ashmore desires to set aside the Rule 11 agreement and proceed to a jury trial
in the overall dispute. However, in this appeal Ashmore complains of the trial court's failure to let
a jury determine the enforceability of the agreement.
2. After the presentation of evidence, Ashmore's counsel again made reference to a jury trial,
but this was also in the context of resolving all of the issues of contention between the parties
irrespective of the mediated settlement agreement:


 Because of that material breach my client repudiated the contract. 

 Further, Judge, there is additional evidence to show that these problems are not going
to end. There's been threats of additional litigation. And its our purpose for being
here today, Judge, if we're going to fight this fight, let's get all these issues resolved
because the threats have already been made. We're back in this courthouse. We
ought to get all these issues resolved and let the jury decide.