**Order entered May 16, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-10-00126-CV

### MEENAKSHI S. PRABHAKAR, M.D. AND
### INFECTIOUS DISEASE DOCTORS, P.A., Appellants/Cross-Appellees

### V.

### DAVID FRITZGERALD, Appellee/Cross-Appellant

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-08507-H**

## ORDER
Before Justices Moseley and Lang-Miers[1]

The Court issued an opinion and judgment in this case on August 24, 2012, after which the parties filed motions for rehearing. While those motions were pending, the parties filed a joint motion to abate the appeals because they settled the case and needed time to finalize the settlement. We abated the appeals. When the Court asked for a status update from the parties and did not receive it, we ordered the parties to file the settlement documents or a joint motion to dismiss the cross-appeals. Appellants/cross-appellees filed a motion to continue the abatement. As a basis for the motion, they alleged that they learned on January 21, 2013, that appellee/cross-appellant David Fritzgerald had died a year before. They asked for additional time to determine

---

[1] Justice Murphy sat on the panel on original submission. She did not participate in the decisions reflected in this order.

their rights with regard to the settlement. We ordered counsel for Fritzgerald to respond to the allegations. After receiving that response, on April 9, 2013, the Court ordered all counsel to appear for a hearing on May 13, 2013, to address the Court's concerns about (1) whether Fritzgerald's death impacted any of the issues presented by the parties in the cross-appeals; (2) whether the Court should revise or vacate in whole or in part any portion of the opinion and judgment issued in this case; and (3) whether the Court should consider and impose sanctions or any other disciplinary actions against any attorney of record for failure to disclose the fact of Fritzgerald's death.

At the hearing on May 13, 2013, the Court heard argument from counsel on the issues raised in its April 9, 2013 order. The Court advised counsel that any issues related to the settlement agreement, its negotiation, or challenges to the agreement were not before the Court and that we would not consider those matters. We asked counsel to limit their remarks to the concerns raised by the Court in its April 9 order.

Counsel expressed concern about the lack of clarity in the rules of appellate procedure, specifically rule 7.1(a)(1), concerning any duty to inform the appellate court when a party dies while the appeal is pending. Counsel cited cases to support their arguments and distinguished the cases cited by opposing counsel. Counsel apologized to the Court for not responding to its inquiries about the status of the underlying settlement; and counsel for Fritzgerald stated they had no intent to mislead the Court by not informing the Court of Fritzgerald's death and they reasonably and in good faith believed the way they proceeded in the appeal was appropriate. Counsel expressed their opinions that Fritzgerald's death did not impact the substantive issues we were asked to decide in these appeals.

Additionally, after the May 13 hearing, counsel for Fritzgerald filed a suggestion of death, a true and correct copy of Letters Testamentary given to Fritzgerald's brother, John Smith, and documents purporting to show Smith's authority to represent Fritzgerald's estate in this appeal.

After having considered the record, counsel's statements during the May 13 hearing, and documents and briefing filed in this Court after we issued our April 9 order, we conclude that there is no basis upon which to issue sanctions or other disciplinary action, and the Court orders none. We do so without reaching the issue of the effect of rule 7.1(a)(1).

Counsel for appellants/cross-appellees represented to the Court that appellants/cross-appellees have challenged the settlement agreement in the probate court of Smith County. Counsel agree that abatement of the appeal is mandatory under these circumstances. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (court of appeals should abate appeal pending final resolution of suit to enforce settlement agreement reached while appeal was pending). Accordingly, appellants/cross-appellees' motion to continue the abatement of this case is **GRANTED** pending resolution of the probate matter challenging the settlement agreement, subject to the following and to further order of the Court.

Counsel for all parties are **ORDERED** to provide a status report on the probate proceedings on or before **November 18, 2013**, or **within 10 days** of the date the issues regarding the settlement agreement are resolved in the probate court, whichever is earlier.

We **DIRECT** the Court Clerk to send a copy of this order to all attorneys of record.

/s/    ELIZABETH LANG-MIERS
        JUSTICE