# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00680-CV

**Appellant, Paul DeNucci , Individually and in his Derivative Capacity on behalf of
eStrategy Solutions, Inc.//Cross-Appellants, John Matthews, Steve Matt and
eStrategy Solutions, Inc.**

**v.**

**Appellees, John Matthews, Steve Matt and eStrategy Solutions, Inc.//Cross-Appellee,
Paul DeNucci , Individually and in his Derivative Capacity on behalf of
eStrategy Solutions, Inc.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-10-002065, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 25, 2013, this Court granted appellees John Matthews, Steve Matt and

eStrategy Solutions, Inc.'s motion to postpone oral argument, based on their assertion that the

parties had, at least potentially, reached a mediated settlement of the underlying suit in this appeal.[1]

On March 14 and April 15, 2013, the parties filed their joint status reports, as requested, informing

the Court that (1) a separate suit seeking enforcement of a settlement agreement is currently pending

in the trial court; (2) court-ordered mediation of the enforcement suit was unsuccessful; (3) the trial

court denied appellees' summary judgment to enforce the agreement; and (4) the enforcement

---

[1] Because the appellees have filed a cross-appeal in this cause, the appellant and appellees
are also cross-appellee and cross-appellants, respectively.  However, for ease of reference we will
refer to the parties simply as "appellant" and "appellees."

suit is expected to proceed to trial. The appellees contend that one of the issues in the enforcement suit is whether the claims that are currently before this Court have been released. Consequently, the appellees have requested that we continue to postpone this appeal pending resolution of the enforcement suit; we treat this request as a request to abate this appeal. Conversely, appellant Paul DeNucci contends that this appeal should proceed because "the outcome of the appeal should not turn on a later-filed trial court proceeding."

Under these circumstances, we conclude that the parties and this Court should not be required to expend resources on an appeal that may be rendered moot. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding) (holding that court of appeals abused its discretion in refusing to abate appeal pending resolution of suit to enforce settlement agreement). Accordingly, the appellees' request is granted, and the appeal is abated pending further order of this Court. *Id.* On or before August 30, 2013, the parties shall submit a joint status report concerning the status of the pending suit to enforce settlement agreement. In any event, the parties shall promptly notify this Court when the enforcement suit is finally resolved (including all appeals).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton and Field

Abated

Filed: May 23, 2013