**Opinion issued July 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00215-CV

————————————

**LETHA PILLAI, Appellant**

**V.**

**JESUS VEGA AND DALIA VEGA, Appellees**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-68692**

---

## MEMORANDUM OPINION

Appellant, Letha Pillai, has appealed from a final judgment signed on December 18, 2013. We dismiss the appeal.

At the parties' request, this Court referred this appeal to mediation. Soon thereafter, the mediator and appellees, Jesus and Dalia Vega, notified the Court that a settlement was reached and the parties had entered into a settlement agreement. The Clerk of this Court then notified the parties that the appeal might be dismissed unless they demonstrated the existence of a live controversy between them as to the merits of the appeal. Pillai responded and requested that the appeal remain on the Court's active docket "until notice is given that the settlement agreement has been carried out and completed . . . ."

Pillai then filed motions seeking enforcement of the parties' settlement agreement and sanctions against the Vegas. We denied the motions and again notified the parties that we might dismiss the appeal unless they demonstrated the existence of a live controversy between them as to the merits of the appeal. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658–59 (Tex. 1996) (stating that, when dispute regarding settlement agreement arises while underlying action is on appeal, party seeking enforcement must file separate breach of contract action). Pillai next filed a motion to keep the appeal on the Court's active docket. Pillai again acknowledged that the case was settled at mediation in June 2014 and indicated that the Vegas had not executed the required settlement documents. The Vegas responded to Pillai's motion, stating not only that the matter was resolved by a mediated settlement agreement but also that "[a]ll documents subsequently

2

requested by [Pillai] in regards to that mediated Settlement Agreement have now been signed" and delivered to Pillai's counsel.

The existence of a live controversy is essential to the exercise of appellate jurisdiction. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). Accepting their representations as true, the parties have settled their dispute and no live controversy exists between Pillai and the Vegas. Any disputes that arose and may remain over the performance of the parties' settlement agreement are distinct from the issues presented in this appeal. *See Webb v. Am. Express Centurion Bank*, No. 01-11-01106-CV, 2015 WL 1621407, at *2 (Tex. App.—Houston [1st Dist.] Apr. 7, 2015, no pet. h.) (mem. op.). We, therefore, conclude that no live controversy exists in this appeal between the parties. *See id.*

Accordingly, we dismiss the appeal for lack of jurisdiction and dismiss as moot all pending motions. The Harris County District Clerk shall release from its registry all of the funds being held from check number 51514613 in Cause No. 2011–68692, *Jesus and Dalia Vega v. Letha Pillai*, in the 234th District Court of Harris County, Texas, plus all interest accrued on these funds to T.W. Proctor on behalf of Letha Pillai. We discharge and release Letha Pillai from any liability under the Clerk's Certificate of Deposit in Lieu of Supersedeas Bond.

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.

3