

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00118-CV

IN RE INFLIGHT PRODUCTIONS
USA INC.

RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 067-272926-14

----------

## MEMORANDUM OPINION[1]

----------

The court has considered relator's petition for writ of mandamus, real party

in interest's response, and relator's reply, and is of the opinion that relief should

be denied.  Accordingly, relator's petition for writ of mandamus is denied, and the

stay imposed by our April 18, 2016 order is lifted.[2]

---

[1]*See* Tex. R. App. P. 47.4.

[2]Contrary to the dissent, we do not believe that the holding in *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656 (Tex. 1996) (orig. proceeding), is applicable here.  In *Mantas*, parties to a final judgment entered into a settlement

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

LIVINGSTON, C.J., filed a dissenting opinion.

DELIVERED:  June 23, 2016

---

agreement after an appeal of the judgment was perfected.  *Id.* at 657–58.  Thus, *Mantas* involved the "unusual circumstances" of a direct appeal of a judgment to a court of appeals and a separate breach of contract action in a trial court to enforce a post-judgment settlement concerning the same judgment being appealed.  *Id.* at 659.  In granting mandamus relief and directing the court of appeals to abate the appeal pending resolution of the breach of contract action, the supreme court reasoned that "[i]t makes no sense for the court of appeals to expend its resources, and require the parties to expend theirs, on an appeal which may be moot."  *Id.*

Here, however, there is no reason American Airlines, Inc.'s breach-of-contract and declaratory-judgment claims cannot be litigated in the trial court simultaneously with Inflight Productions USA Inc.'s counterclaim for enforcement of an alleged settlement agreement and for declaratory judgment.  *See, e.g.*, *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 421–23 (Tex. 2015) (involving simultaneous litigation in trial court of plaintiff's claims for breach of contract, breach of partnership duties, and fraud and defendants' counterclaims for breach of settlement agreement and release); *Bandera Cty. v. Hollingsworth*, 419 S.W.3d 639, 642–45 (Tex. App.––San Antonio 2013, no pet.) (involving simultaneous litigation in trial court of county's action against taxpayers to foreclose on tax lien and taxpayers' counterclaim seeking declaratory judgment that parties had entered into enforceable settlement agreement); *see also Kodiak Prods. Co. v. Deegear*, No. 02-13-00422-CV, 2015 WL 3523195, at *1–3 (Tex. App.––Fort Worth June 4, 2015, no pet.) (mem. op.) (involving simultaneous litigation in trial court of Kodiak's claims for unfair competition, misappropriation of trade secrets, violation of Texas Theft Liability Act, and conversion and Deegear's counterclaim for declaratory judgment to determine the parties' rights under settlement agreement).  Simultaneous litigation in a trial court of claims and counterclaims does not qualify as an "unusual circumstance" nor constitute an unnecessary expenditure of resources by the trial court or the parties; to the contrary, such simultaneous litigation is a common occurrence that promotes judicial economy, speedy resolution of litigation, and cost efficiency for parties.

2
