

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00118-CV

IN RE INFLIGHT PRODUCTIONS
USA INC.

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 067-272926-14

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

Because I believe that mandamus relief is warranted under the reasoning and holding of *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656 (Tex. 1996) (orig. proceeding), I respectfully dissent to the denial of relator Inflight Productions USA Inc.'s petition for writ of mandamus.

Real party in interest American Airlines, Inc. sued Inflight in July 2014 seeking a declaration of rights between the parties in connection with an

---

[1]*See* Tex. R. App. P. 47.4.

indemnification provision in a purchase agreement. American later added a breach of contract claim. In March 2016, Inflight filed a counterclaim alleging that after American filed its suit, two executives with authority to act for Inflight and American—independently of counsel—entered into a binding settlement agreement through a series of email correspondence. According to Inflight's petition, a formal settlement agreement document was drafted and circulated but never signed because the draft presented by American changed a material term of the executives' agreement. Inflight sought a declaratory judgment that the email agreement settled this litigation and damages for the alleged breach of the email agreement.

Inflight also sought to stay "all proceedings involving any issues or causes of action related to [American's then live petition], including any pending discovery, until the Counterclaims are fully litigated and decided by the Court," citing *Mantas* as controlling. American opposed the stay, contending that *Mantas* is inapplicable and that Inflight's counterclaim is a frivolous attempt to avoid answering discovery. Key to American's position is that Inflight did not allege or produce any evidence that the email agreement meets the requirements of a rule 11 settlement agreement because the email signature blocks do not contain indicia of a valid electronic signature sufficient for rule 11 purposes. Tex. R. Civ. P. 11; *Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519, 529–30 (Tex. App.—Fort Worth 2011, pet. denied).

2

After a hearing at which no reporter's record was taken, the trial court denied Inflight's motion to stay in an order that did not state its reasoning. Along with a motion to reconsider,[2] Inflight filed the emails with the trial court for in camera review. American moved to strike the documents proffered in camera. After a hearing on the motion to reconsider, the trial court denied the motion and further ordered as follows:

> The exhibits attached to [Inflight's] Motion, and any references to that evidence contained in its Motion or otherwise in the record, are hereby stricken, and the District Clerk is instructed to detach the stricken evidence from the record of this cause. References to exhibits attached to [Inflight's] Motion are redacted from the copy of [Inflight's] Motion attached hereto as Exhibit A. All copies of [Inflight's] Motion in the record will be similarly redacted.

Inflight filed this petition for writ of mandamus. This court stayed all of the underlying proceedings pending resolution of the original proceeding, and we requested a response from American, in which it raised substantially the same arguments as it did in the trial court.

In *Mantas*, the parties entered into a written, postjudgment settlement agreement—while a direct appeal was pending—as a result of mediation ordered by the appellate court. 925 S.W.2d at 657–58. The appellant had tendered the settlement amount and signed a release, and the parties filed a joint motion to dismiss the appeal. *Id.* at 658. The same day, the appellee withdrew its consent to the settlement, and the appellant filed a motion to enforce the

---

[2]In its motion to reconsider, Inflight contended that the emails were "signed in a manner consistent with governing case law."

3

settlement agreement in the court of appeals, which was denied. *Id.* The appellant then filed a breach of contract suit to enforce the settlement agreement in the trial court and also moved to abate the appeal pending the outcome of the contract suit. *Id.* The court of appeals denied the motion to abate, and the appellant filed a petition for writ of mandamus in the supreme court. *Id.*

The supreme court held that mandamus relief was warranted because the court of appeals abused its discretion by refusing to abate the appeal pending resolution of the settlement enforcement suit:

> It makes no sense for the court of appeals to expend its resources, and require the parties to expend theirs, on an appeal which may be moot. Certainly, a ruling on the merits of the appeal before judgment is rendered in the enforcement suit would inject needless uncertainty and confusion into the issues surrounding the settlement.

*Id.* at 659. The supreme court also held that relief by appeal was inadequate because "[i]f the agreement is ultimately upheld, Mantas will have lost much of the settlement's benefit if he has been required to expend time and resources in prosecuting the appeal." *Id.*

I believe the same logic applies here. Although the alleged settlement agreement occurred during pretrial proceedings in the trial court and there appears to be a potential fact issue regarding whether it is enforceable under rule 11,[3] I do not believe that the *Mantas* holding hinged upon the procedural

---

[3]Although *Cunningham* was a summary judgment appeal, we noted in our discussion of the email signature block that there was no evidence offered to show that the signature block was not automatically generated, that nothing in the email itself indicated an intent for the signature block to operate as a

posture of that case. The supreme court's overriding concern in *Mantas* was the potential loss of the benefit of the alleged settlement, the crux of which was the avoidance of continued proceedings on the merits of the allegedly settled case, i.e., the appeal. *Id.* at 658–59. By refusing to abate the appeal before the trial court could decide whether the settlement agreement was enforceable, the court of appeals essentially rendered the settlement agreement moot. Likewise, Inflight's counterclaim alleges that the series of emails between the two executives constitutes an enforceable settlement agreement that would obviate the need for further proceedings in the trial court on the merits of American's claims. By refusing to abate the trial proceedings on the merits of those claims pending resolution of Inflight's counterclaim, the trial court is effectively denying Inflight the potential benefit of the settlement if it were later found to be enforceable.

American's opposition to the stay is rooted in its argument that Inflight cannot prevail on the merits of its counterclaim, i.e., its argument that the emails cannot possibly be construed as an enforceable rule 11 agreement, and, thus, the only reason Inflight filed the counterclaim is to attempt to avoid discovery on

---

signature, and that there was no evidence that the parties intended to conduct transactions via electronic means. 352 S.W.3d at 530; *see* Tex. Bus. & Com. Code Ann. § 322.005(b) (West 2015); *Parks v. Seybold*, No. 05-13-00694-CV, 2015 WL 4481768, at *5 (Tex. App.—Dallas July 23, 2015, no pet.) (mem. op.). *But see Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 710 (N.D. Tex. 2013) (disagreeing with *Cunningham* and opining that Texas supreme court would as well).

5

American's claim. Although that may or may not be true, I believe that, at this point, the proper procedural vehicle for deciding that argument is a motion for summary judgment. Tex. R. Civ. P. 166a; *cf.* Tex. R. Civ. P. 91a (allowing party to move for dismissal of a claim on grounds that it has no basis in law or in fact but setting forth time limits in which such a motion may be filed). I do not believe that—absent a simultaneously pending, proper procedural motion for determining the merits of claims—the merits of a settlement enforcement claim should be litigated or considered to be dispositive of the issue of whether a stay is required pending the resolution of that claim.

I further believe that the trial court's order striking the in camera documents and causing the references to those documents in the motion for reconsideration to be redacted was unnecessary. Although I believe that the issue of whether a stay is warranted did not require consideration of those documents, the trial court's order is premature until the counterclaim is resolved. *See* Tex. R. Evid. 408. Accordingly, I respectfully dissent and would grant mandamus relief.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

DELIVERED: June 23, 2016

6