**Reversed and Rendered and Memorandum Opinion filed December 29, 2020**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00630-CV

---

### TEXAN FORD, INC. D/B/A AUTONATION FORD KATY, Appellant

### V.

### ANITA ALBA-MERAZ, Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2019-46397**

---

### MEMORANDUM OPINION

Appellant filed an accelerated interlocutory appeal arguing the trial court erred in denying the parties' agreed motion to abate the appeal for arbitration. Appellee joins the arguments in the brief filed by appellant. Because we hold the trial erred in denying the parties' agreed motion, we reverse the trial court's order denying the agreed order to abate and render judgment granting the agreed order to abate.

## BACKGROUND

Appellee purchased a vehicle from appellant and signed an arbitration agreement pursuant to that purchase. Appellee experienced a variety of problems with her vehicle and brought suit against appellant. Appellant promptly produced the arbitration agreement and counsel for both parties agreed it was enforceable.

On October 25, 2019, appellee filed her demand for arbitration with the American Arbitration Association. Shortly thereafter, the parties drafted an agreed motion to abate the trial court proceedings. The parties attempted to electronically file the agreed motion with the trial court. Unbeknownst to the parties, the motion was not transmitted to the court. The parties proceeded with arbitration.

On July 7, 2020, the parties received a notice of docket call and learned their case was set for trial on August 3, 2020. Three days later, the parties properly filed the agreed motion to abate. On the same day, the trial court denied the parties' agreed motion to abate. The trial was reset for December 21, 2020. This appeal followed.

## ANALYSIS

Both parties agree the arbitration agreement covers the entirety of the claims asserted by appellee in the underlying matter. The underlying matter is in arbitration before the American Arbitration Association in accordance with the agreement of the parties. The final arbitration hearing is scheduled for January 6, 2021.

Both the Federal and Texas Arbitration Acts require courts to stay litigation of issues that are subject to arbitration. *In re Merril Lynch Trust Co. FSB*, 235 S.W.3d 185, 195 (Tex. 2007); 9 U.S.C. § 3; Tex. Civ. Prac. Rem Code §§ 171.025, 172.174. When an issue is pending in both arbitration and litigation, the Federal

Arbitration Act generally requires the arbitration to go forward first; arbitration "should be given priority to the extend it is likely to resolve issues material to this lawsuit." *Merrill Lynch*, 235 S.W.3d at 195 (quoting, *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F. 3d 777, 783 (8th Cir. 2001)).

When considering a motion to compel arbitration, a court must determine whether a valid arbitration agreement exists, and whether the claims in the dispute fall within its scope. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding). If a valid arbitration agreement exists, then a strong presumption arises favoring arbitration, and the burden shifts to the party opposing arbitration to raise an affirmative defense to its enforcement. *J.M. Davidson, Inc.*, 128 S.W.3d at 227. Appellee agrees there is a valid agreement and that appellees claims fall within the scope of that agreement.

In this case, neither party disputes the enforceability of the arbitration agreement. Because there is no dispute as to whether there is an enforceable arbitration agreement, we hold the trial court abused its discretion in denying the motion to abate. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656 (Tex. 1996) (holding court of appeals abused its discretion by refusing to abate appeal where parties were already engaged in resolution proceedings).

We reverse the trial court's order denying the agreed motion to abate and render judgment granting the agreed order to abate.

PER CURIAM

Panel Consists of Justices Christopher, Wise, and Hassan.