COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name: Fidelis Johnson Badaiki v. Steve Mckenzie, Schlumberger Holdings Corporation et al.

Appellate case number: 01-20-00778-CV

Trial court case number: 2020-16532

Trial court: 11th District Court of Harris County

Appellees have filed a motion to dismiss the appeal contending that Appellant Fidelis Johnson Badaiki has entered into a settlement agreement with Appellees. Appellees assert that, in the settlement agreement, Badaiki agreed to dismiss this case and two related federal cases that Badaiki had filed against Appellees in the United States District Court, Southern District of Texas. Appellees assert that the settlement agreement renders this appeal moot.

To support their dismissal motion, Appellees have attached an "Order of Dismissal" from the federal court proceedings. In the order, the federal district court found that Badaiki had entered into a "binding settlement agreement" with Appellees wherein Badaiki "agreed to 'a complete release on all claims in all cases' he has pending against [Appellees] before state and federal courts." The federal district court ordered, "These actions are dismissed with prejudice pursuant to the binding settlement agreement."

In his response to the dismissal motion, Badaiki contends that he did not enter into a settlement agreement with Appellees. He also asserts that this appeal cannot be dismissed based on the federal court's order.

A review of the dismissal motion and its attachments reveals that this Court lacks sufficient information to determine the propriety of Appellees' motion to dismiss this appeal.

"When a settlement dispute arises while the underlying action is on appeal, the party seeking enforcement [of the purported settlement agreement] must file a separate breach-of-contract action." *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658–59 (Tex. 1996). Under *Mantas*, an appellate court must abate the appeal "pending final resolution (including all appeals) of [the] suit to enforce the settlement agreement."

Here, Appellees indicate that they asserted a claim to enforce the settlement agreement in the federal trial court. As a result, Appellees obtained an order of dismissal of all state and federal actions between the parties based on the federal trial court's findings that there is a binding settlement agreement between the parties. *See id.* at 658 (recognizing that, when a settlement dispute arises while the trial court has jurisdiction over the underlying action, "a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number").

However, the federal court's dismissal order indicates that there has not been a "final resolution" of Appellees' claim to enforce the settlement agreement. *See id.* Specifically, the federal court's order states, "A final judgment will enter separately." In short, from the face of the order it does not appear that Appellees have provided this Court with a final judgment issued in the federal action, nor have they shown that any appeals in the federal action have been resolved. *See id.*

Accordingly, this appeal is **abated** to permit Appellees an opportunity to provide this Court with additional documentation showing that there has been a "final resolution (including all appeals)" in federal court of their claim to enforce the settlement agreement and any other documentation necessary to establish that this appeal should be dismissed.

Appellees must file any supplemental documentation showing the final resolution of their claim in federal court within 30 days of the date of this order. Once filed, Badaiki will have 30 days to file a response.

The appeal will be **reinstated** when (1) Appellees file their supplemental documentation or (2) the allotted time to file the documentation has expired, whichever comes first.

2

However, if Appellees need additional time beyond the 30-day period to obtain and file documentation showing the final resolution of the claim, Appellees should file in this Court a request to continue the abatement of the appeal until final resolution is obtained in federal court. Such a request must also be filed within 30 days of the date of this order.

Upon Appellees' showing that there has been a final resolution of Appellees' claim to enforce the settlement agreement, the Court will determine whether briefing is required to address Appellees' request that this Court recognize the federal court's final judgment.

The appeal is removed from this Court's March 9, 2022 submission docket.

It is so ORDERED.


Judge's signature:       /s/ Richard Hightower
                         Acting individually


Date: August 16, 2022