**TONY'S BARBEQUE AND STEAKHOUSE, INC.,**
Appellant

v.

**THREE POINTS INVESTMENTS, LTD., Appellee**

**NO. 14-16-00207-CV, NO. 14-16-00596-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed August 22, 2017

Lingling E. Dai, Angelle Adams, Leslie WM Adams, Houston, TX, for appellant.

Richard P. Griffin Jr., Houston, TX, for appellee.

Panel consists of Justices Christopher, Busby, and Jewell.

## OPINION

Tracy Christopher, Justice

The Texas legislature has declared that, as a matter of state policy, settlement of pending litigation is to be encouraged.[1]

But, just as with other contracts, disputes arise about the meaning and enforceability of settlement agreements. If the cause that the agreement was intended to resolve is still pending in the trial court, then disputes about the settlement agreement are to be pleaded and addressed in that cause, if it is possible to do so. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam). If the settlement dispute does not arise until the cause is on appeal, then claims for the breach or enforcement of the settlement agreement must be filed as a separate cause and the appeal abated pending resolution of the settlement-agreement dispute. *See id.* at 658–59.

Here, the appellant was permitted to do neither. Before the parties' claims were tried, they reached a settlement agreement, and when disputes arose concerning the settlement, they amended their pleadings to assert claims for the breach or enforcement of the settlement agreement. But, because the claims concerning the settlement agreement were filed after the pleading-amendment deadline, the trial court struck the amended pleadings and proceeded to a jury trial on the underlying claims as though no settlement agreement existed. The appellant therefore filed its claims arising from the settlement agreement as a separate cause, but the same trial court granted the opposing party's motion to dismiss the settlement-agreement claims as baseless due to res judicata.

In this consolidated appeal, we conclude that the trial court erred both in striking the amended pleadings in the first suit and in granting the motion to dismiss in the second suit. We accordingly reverse the judgment in each cause, and we remand

---

1. *See* TEX. CIV. PRAC. & REM. CODE ANN. 154.002 (West 2011).

each cause to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

Three Points Investments, Ltd. owns an unimproved lot next to Tony's Barbeque and Steakhouse, Inc. ("the Restaurant"). Parking for the Restaurant is reached through an easement over Three Points' lot. At one time the Restaurant also leased Three Points' lot to provide overflow parking, but the Restaurant eventually bought additional property for this purpose and stopped leasing Three Points' property. Nevertheless, Restaurant patrons continued to park on Three Points' lot.

### A. The 2013 Trespass Suit (Cause No. 2013-55732)

In 2013, Three Points sued the Restaurant in Cause No. 2013-55732 for trespass, unjust enrichment, and breach of the lease; we will refer to this cause as "the Trespass Suit." [2] The trial court imposed a deadline of November 9, 2015 for the parties to amend their pleadings.

Eight days after the pleading-amendment deadline passed, the parties executed and filed a Rule 11 settlement agreement.[3] Under the terms of the agreement, the Restaurant's title insurer was to pay Three Points $45,000 within forty-five days,[4] and the Restaurant was to purchase Three Points' lot for $78,000. The parties agreed that the Restaurant would pay $25,000 at the closing on the property, and the remaining $53,000 would be financed at 7% for twenty-four months. In what would later become a sticking point, the parties further specified that the deed conveying the property would not be filed at closing

but would be held in trust until the Restaurant paid the note in full.

A month after the parties reached this agreement, Three Points amended its petition to assert a claim for anticipatory breach of the Rule 11 agreement. Nevertheless, the parties executed an "Unimproved Property Contract" effective December 28, 2015 for the sale of Three Points' lot. The next day, the Restaurant's title insurer sent Three Points' counsel a check for $45,000 as specified in the Rule 11 agreement.

The Restaurant later learned that it could not obtain a title-insurance policy if the deed was held in trust. The property sale did not close as agreed, and on January 20, 2016, the Restaurant amended its pleading to assert a counterclaim against Three Points for enforcement of the Rule 11 settlement agreement. Three Points immediately moved to strike the amended pleading on the ground that it was late-filed, and at a pretrial conference the following day, the trial court granted the motion.

Despite the order striking the only pleading in which the Restaurant asserted claims related to the Rule 11 agreement, the Restaurant moved for entry of judgment enforcing the settlement. Before the jury was seated on the first day of trial, the trial court allowed the Restaurant to argue its motion, and Three Points responded that the Rule 11 agreement was the result of mutual mistake in that none of the parties realized before signing it that holding the deed in trust would create a cloud upon title. After reminding the parties that it had struck all pleadings filed

---

2. Three Points made additional claims against the Restaurant and other defendants, but those claims were nonsuited or dismissed.

3. *See* TEX. R. CIV. P. 11.

4. The reasons that this amount was to be paid by the Restaurant's title insurer rather than by the Restaurant are not pertinent to this appeal.

after the pleading-amendment deadline, the trial court denied the motion. The Restaurant then moved to abate the trial to allow for an interlocutory appeal, and the trial court denied that motion as well.

The jury found in Three Points' favor, assessing damages of $500 for trespass and $92,000 for unjust enrichment. Three Points moved for entry of judgment and for an award of attorney's fees pursuant to Texas Rule of Civil Procedure 167 and Chapter 42 of the Texas Civil Practice and Remedies Code. The Restaurant filed a response and motion for reconsideration of its earlier motion for entry of judgment. There is no express ruling on any of these motions in the record; however, the trial court rendered final judgment for Three Points on the jury's verdict and awarded Three Points attorney's fees in the amount and on the grounds requested. The Restaurant promptly appealed.

**B. The 2016 Settlement-Agreement Suit (Cause No. 2016-20891)**

Three weeks after final judgment was rendered in the Trespass Suit, the Restaurant filed a separate suit, Cause No. 2016-20891, against Three Points for breach of the same Rule 11 settlement agreement, breach of the property-sale contract executed pursuant to the Rule 11 agreement, and fraud. Because each of these claims is connected to the Rule 11 settlement agreement, we refer to this cause as "the Settlement-Agreement Suit."

Pursuant to Texas Rule of Civil Procedure 91a, Three Points moved to dismiss all of the Restaurant's claims in the Settlement-Agreement Suit on the ground of res judicata. The trial court granted the motion, dismissing the Restaurant's claims with prejudice and ordering it to pay Three Points' attorney's fees. The Restaurant appealed this judgment as well, and

we granted its motion to consolidate the two appeals.

## II. THE RESTAURANT'S APPEAL OF THE TRESPASS SUIT

The Restaurant challenges the judgment rendered in the Trespass Suit on three grounds. In its first issue, the Restaurant argues that the trial court erred in striking its Fifth Amended Answer and Counterclaims, in which the Restaurant asserted its claims arising from the settlement agreement. In its second issue, the Restaurant contends that the trial court erred in finding that the settlement agreement was the result of mutual mistake. The Restaurant asserts in its third issue that the trial court erred in ordering the Restaurant to pay Three Points' attorney's fees.

**A. The Trial Court Abused Its Discretion in Striking the Restaurant's Last-Amended Pleading Asserting Claims Arising from the Rule 11 Settlement Agreement.**

In its first issue, the Restaurant contends that the trial court erred in striking, as late-filed, the Restaurant's amended pleading asserting claims arising from the Rule 11 settlement agreement. We agree.

▆▆▆ The general rule regarding pleading amendments is that the parties may freely amend if the amended pleading is at least seven days before trial. *See* Tex. R. Civ. P. 63; *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (per curiam). Trial courts, however, have discretion to impose different pleading-amendment deadlines. *See* Tex. R. Civ. P. 166. Regardless of whether the pleading-amendment deadline is that imposed by the general rule or by a docket-control or similar order, the rule governing late-failed pleading amendments is the same: "After the time for filing amended pleadings has passed, the trial court abuses its

discretion in denying leave to file an amended pleading unless (1) the party opposing the amendment presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *See In re Park Mem'l Condo. Ass'n*, No. 14-11-00818-CV, 2011 WL 4452834, at *1 (Tex. App.—Houston [14th Dist.] Sept. 27, 2011, orig. proceeding) (mem. op.) (per curiam); *see also* TEX. R. CIV. P. 66 (stating that a trial court shall freely allow a trial amendment to a pleading "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits"). If the late-filed amended pleading introduces new substantive matter, then the burden is on the complaining party to show that the trial court clearly abused its discretion in refusing the amendment. *See NCS Mgmt. Corp. v. Sterling Collision Ctrs., Inc.*, 108 S.W.3d 534, 536 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

### 1. Three Points did not contend that it was surprised or prejudiced by the Restaurant's last-amended pleading.

■ In its motion to strike the Restaurant's last-amended pleading, Three Points neither alleged nor presented evidence that it was surprised or would be prejudiced by the amendment. The trial court therefore had discretion to disallow the amended pleading only if the amendment was prejudicial on its face. *See In re Park Mem'l Condo. Ass'n*, 2011 WL 4452834, at *1.

### 2. The Restaurant's last-amended pleading was not prejudicial on its face.

■ An amended pleading is not prejudicial per se solely because it asserts a new cause of action. *See In re Estate of Parrimore*, No. 14-14-00820-CV, 2016 WL 750293, *11 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.) (citing *Tanglewood Homes Ass'n v. Feldman*, 436 S.W.3d 48, 64 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). An amendment is prejudicial on its face if (a) it asserts a new substantive matter that reshapes the nature of the trial itself; (b) the opposing party could not have anticipated it in light of the development of the case up to the time the amendment was requested; and (c) the opposing party's presentation of its case would be detrimentally affected by the amendment. *See id.* (citing *Tanglewood Homes*, 436 S.W.3d at 64–65). To determine if the amendment is prejudicial on its face, we must evaluate it in the context of the entire case. *See id.*

■ Judged by this standard, the Restaurant's amended pleading was not prejudicial on its face. Although the Restaurant asserted a new claim that potentially could reshape the nature of the trial, Three Points could have anticipated the amendment because Three Points had itself amended its pleading to assert a claim against the Restaurant for anticipatory breach of the same agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995) (stating that an action to enforce a settlement agreement "must be based on proper pleading and proof"). The Restaurant's claim that Three Points breached the agreement was, in part, a defense to Three Points' own breach-of-contract claim. *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) (per curiam) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994))).

In amending its pleading, the Restaurant followed the Texas Supreme Court's instructions regarding the procedure to be followed when a dispute arises regarding a settlement agreement: "Where the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number." *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam). If the dispute arises while an appeal of the underlying action is pending, then the party seeking enforcement must file the pleading as a separate breach-of-contract action. *Id.* at 658–59. Because Three Points continued to prosecute its claims in the Trespass Suit despite the Rule 11 agreement purporting to settle those claims, Three Points could have anticipated that, as *Mantas* directs, the Restaurant would amend its pleading in that cause to assert claims concerning the settlement agreement's enforceability. *See id.*

Although it is true that the Restaurant asserted its claims arising from the Rule 11 agreement after the deadline to amend pleadings had passed, it could not have asserted the claims before the deadline, because the claim did not exist before the deadline. And, without first allowing the Restaurant to litigate the settlement agreement's enforceability, the trial court could not determine if the remaining claims were moot. The trial court therefore abused its discretion in applying the pleading-amendment deadline to bar the Restaurant's claim that all previously asserted causes of action had been settled. We sustain the Restaurant's first issue.

## B. The Enforceability of the Settlement Agreement Was Not Litigated.

The Restaurant argues in its second issue that the trial court erred in finding that mutual mistake rendered the Rule 11 agreement unenforceable. But, contrary to the parties' various suggestions, the record contains no rulings or findings that the agreement is or is not enforceable, or that performance of the agreement is or is not impossible, or that the agreement is or is not the product of mutual mistake. There are no rulings or findings in the record addressing the merits of the Restaurant's claims regarding the Rule 11 settlement agreement at all. The record instead shows that the Restaurant filed an amended pleading in which it asked the trial court for specific enforcement of the Rule 11 agreement, but the trial court granted Three Points' motion to strike the Restaurant's amended pleading on the ground that it was late-filed. Later that day, the Restaurant filed a motion for entry of judgment on the Rule 11 agreement, and despite its ruling striking the Restaurant's amended pleading, the trial court heard the Restaurant's motion for judgment before opening arguments on the first day of trial. In response, Three Points argued that the Rule 11 agreement was the product of mutual mistake. The Restaurant's counsel concluded his rebuttal argument by stating that there was no material mutual mistake "[a]nd, furthermore, this Court has indicated it will not seek to allow the enforcement of the judgment [sic] in Rule 11 in any event. So, we—we believe that this matter should be reduced to judgment so that it can be appealed."

But, the trial court corrected the attorney, saying "I think this Court's ruling on Friday was that all pleadings filed after the pleadings deadline were stricken ... and ordered the case to go to trial. I'm going to deny the motion for judgment, and we will proceed with the trial." Although the earlier order to which the trial court referred struck only the Restaurant's late-filed pleading, the trial court

then signed a second order striking "all pleadings from all parties filed after the November 9, 2015 pleading deadline." By striking both parties' last-amended pleadings, the trial court eliminated all pleaded claims concerning the Rule 11 settlement agreement.

The transcript of the trial does not show that claims regarding the Rule 11 agreement were tried by consent. For example, the Restaurant's attorney stated during opening argument that Three Points' property was currently under a contract of sale to the Restaurant. Three Points' attorney objected, and at the bench conference that followed, the trial court instructed the Restaurant's counsel not to talk about the sales contract if the contract was contingent on the Rule 11 settlement agreement. The Rule 11 agreement was not mentioned again until after the trial concluded.

The parties next brought up the Rule 11 settlement agreement after the jury returned its verdict and Three Points moved for entry of judgment. In its response to the motion, the Restaurant asked the trial court to reconsider the court's "failure ... to act on the Rule 11 Agreement." The Restaurant asked the trial court instead to render judgment notwithstanding the verdict. Three Points replied that (1) the Restaurant had breached the Rule 11 settlement agreement; (2) all elements for rescinding the agreement were satisfied; (3) the trial court should rescind Paragraph 2 of the agreement, which is the paragraph concerning the Restaurant's purchase of Three Points' property; and (4) the trial court should rescind Paragraph 2d of the agreement, which states, in connection with the Restaurant's purchase of Three Points' property, "Deed will not be filed at closing, but will be held in trust until [the Restaurant] pays the note in full." But the trial court neither granted nor denied any party's request for action regarding the Rule 11 settlement agreement. Consistent with its ruling striking the pleadings asserting claims arising from the agreement, the trial court rendered judgment as though no allegations concerning the Rule 11 agreement had been raised.

The suggestions that the trial court addressed the merits of the Rule 11 agreement appear to be characterizations of a statement from the bench at the pre-trial conference on January 22, 2016, or at a post-trial hearing, or both. Regarding the pretrial hearing, nothing before us "show[s] that an evidentiary hearing took place in open court"; thus, we presume the hearing was non-evidentiary and no transcript was required. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005). Moreover, the record establishes that whatever comments the trial court may have made from the bench on January 22, 2016, about the merits of the Restaurant's claims, the trial court's signed orders of January 22 and 25, 2016, struck those claims as late-filed without ruling on the merits, and the final judgment rendered in the case is consistent with those orders. We also cannot characterize the trial court's comments from the bench at a post-trial hearing as a finding of fact or a conclusion of law. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984) (per.curiam) ("The court of appeals was not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law." (citing TEX. R. CIV. P. 296)). The holding in *In re W.E.R.* applies with even greater force here, where the parties' claims were tried by a jury rather than by the trial court.

In sum, the trial court's signed orders show that it struck all claims regarding the Rule 11 agreement without ruling on the merits; the final judgment is consistent

with those orders; and the record contains no rulings or findings to the contrary. We accordingly conclude that no claims or defenses regarding the Rule 11 agreement were adjudicated. *See Davis v. Wickham*, 917 S.W.2d 414, 416–17 (Tex. App.—Houston [14th Dist.] 1996, no writ) (holding that a trial court's hearing on cross-motions to render an agreed judgment on a repudiated Rule 11 agreement does not constitute "an action to enforce a settlement agreement ... based on proper pleading and proof" as required by *Padilla*, 907 S.W.2d at 462) (alteration in original). This issue therefore presents nothing for our review.

On the other hand, the record shows that the Restaurant pleaded and attempted to pursue its Rule 11 claims before the remaining claims were tried. Because the trial court abused its discretion by striking the Restaurant's last-amended pleading and proceeding to trial on Three Points' trespass and unjust-enrichment claims without first allowing the Restaurant to litigate the threshold issue of the settlement agreement's enforceability, we reverse the judgment rendered in the Trespass Suit and remand the cause to the trial court for a new trial.[5]

## III. THE SETTLEMENT-AGREEMENT SUIT

Because the trial court struck from the Trespass Suit the Restaurant's amended pleading raising issues arising from the Rule 11 settlement agreement, the Restaurant brought the claims in a separate suit. Three Points moved to dismiss the claims with prejudice under Texas Rule of Civil Procedure 91a, and the trial court granted the motion and ordered the Restaurant to pay Three Points' attorney's fees. In five issues, the Restaurant argues that the trial court erred in (a) granting Three Points' Rule 91a motion to dismiss all of the Restaurant's causes of action on the ground that they were barred by res judicata, and (b) awarding attorney's fees to Three Points.

Under Texas Rule of Civil Procedure 91a,

> a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

"Whether the dismissal standard is satisfied depends 'solely on the pleading of the cause of action.'" *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (quoting TEX. R. CIV. P. 91a.6). Where, as here, the defendant sought dismissal on the ground that a cause of action has no basis in law, we review the merits of the motion *de novo* "because the availability of a remedy under the facts alleged is a question of law." *Id.*

Three Points maintains that the trial court properly granted its motion to dismiss because the Restaurant's claims in this suit are barred by res judicata. To establish the affirmative defense of res judicata, a party must prove: (a) a prior final judgment on the merits by a court of competent jurisdiction; (b) identity of parties or those in privity with them; and (c) a second action based on the same claims as were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass*

---

5. In the Restaurant's third issue, it complains that the trial court improperly awarded Three Points attorney's fees pursuant to Texas Rule of Civil Procedure 167 and Texas Civil Practice and Remedies Code Chapter 42. Because the issue may not recur on retrial, we do not address it. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 239 (Tex. 2011).

*Corp.*, 919 S.W.2d 644, 652–53 (Tex. 1996) (citing *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)). The Restaurant's pleading establishes the first two elements: it pleaded that Three Points sued the Restaurant in 2013 for trespass and unjust enrichment in the 61st Judicial District Court; that the jury in the case rendered a verdict; and that the Restaurant had filed an appeal. Whether the Restaurant's pleading established the third element of res judicata is less straightforward.

In its motion to dismiss, Three Points states that "[t]he basis of [the Restaurant's] claims in this suit stem from a Rule 11 agreement which purported to resolve the first suit," that is, the Trespass Suit. This is true. But according to Three Points,

> [t]he Restaurant's own petition admits that it is precluded from obtaining relief on this basis because this Court held that as a matter of law, the Rule 11 agreement was the product of mutual mistake or impossibility. . . . Thus, [a]ll of [the Restaurant's] claims, including Breach of the Rule 11 agreement, Breach of the Unimproved Property Contract, Fraud, and Declaratory Relief are barred by res judicata and state claims for which relief cannot be granted because this relief has already been denied. . . . Now, those judgments have become final and are pending appeal, thus, this Court could not reconsider its rulings even if it so desired.

In support of this statement, Three Points cites paragraph 11 of the Restaurant's petition, which reads as follows:

> At a post-trial hearing [in the underlying case] on February 26, 2016, the Court announced that it rejected the Rule 11 Agreement based on "mutual mistake",

notwithstanding Three Points' attempt to seek to enforce the agreement containing the purported mistake by filing a cause of action for anticipatory breach on December 17, 2015, and [the Restaurant's] efforts to have the court enter judgment on the Rule 11 Agreement. However, *the Court did not strike the Rule 11 Agreement or declare it invalid or unenforceable. Nor did the Court indicate that it would address the consequences of the existence of the Rule 11 Agreement on any of the issues in the matter. Instead, the Court ignored the existence of the Rule 11 Agreement and allowed Three Points to try actions it had settled, and released, to the jury.*[6]

The Restaurant additionally stated,

> Three Points repudiated the Rule 11 Agreement, thereby necessitating [the Restaurant] to file the instant lawsuit for enforcement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). [The Restaurant] has filed an appeal in Cause No. 2013-55732 to abate action on the verdict. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656 (Tex. 1996).

■ Contrary to Three Points' characterization, the Restaurant did not state that the trial court "held that as a matter of law, the Rule 11 agreement was the product of mutual mistake or impossibility." Although Three Points infers that the trial court's statement of the reason "it rejected the Rule 11 Agreement" is a holding made by the trial court on a matter of law, the standard by which a court must review a Rule 91a motion to dismiss does not permit such an inference. The Restaurant specifically stated in its pleading that the trial court in the underlying case "did not strike the Rule 11 Agreement or declare it invalid or unenforceable" but instead "ignored [its] existence." Rule 91a

---

**6.** Emphasis added.

requires that we take those allegations as true. Tex. R. Civ. P. 91a.1; *Sanchez*, 494 S.W.3d at 724. Because we accept the truth of these allegations, we cannot reasonably infer that the trial court in the underlying suit "held that as a matter of law" the Rule 11 agreement "was the product of mutual mistake or impossibility," both of which are grounds for holding an agreement unenforceable. *See, e.g., Centex Corp. v. Dalton*, 840 S.W.2d 952, 954–56 (Tex. 1992) (explaining that where the occurrence of a condition precedent is impossible, the right to enforce the contract never accrues); *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990) ("Pursuant to the doctrine of mutual mistake, when parties to an agreement have contracted under a misconception or ignorance of a material fact, the agreement will be avoided."). And for the reasons previously discussed, the trial court's comment from the bench cannot be characterized as a finding of fact or a conclusion of law. ·*See In re W.E.R.*, 669 S.W.2d at 716.[7]

The key portions of the Restaurant's pleading instead are its allegations that the trial court refused to address the Rule 11 agreement's enforceability, and the Restaurant's statement, with a citation to *Mantas*, that it has filed an appeal of the Trespass Suit "to abate action on the verdict."[8] As previously discussed, the Texas Supreme Court held in *Mantas* that the question of whether a settlement dispute should be tried as part of the original cause or in a separate proceeding depends on when the dispute arose. If the dispute first arises while the original cause is on appeal, the dispute necessarily must be brought in a separate action, and the appellate court must abate the appeal pending resolution of the enforcement action. *Mantas*, 925 S.W.2d at 658–59. But, if "the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement *should, if possible*, be asserted in that court under the original cause number." *Id.* at 658 (emphasis added). Reading the Restaurant's pleading liberally, and with an eye to its intent,[9] the Restaurant alleged that it was not possible to litigate its claims concerning the settlement agreement as part of the Trespass Suit because the trial court refused to allow the Restaurant to litigate the matter. *Cf. Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action *that has been finally adjudicated*, as well as related matters that, *with the use of diligence, should have been litigated* in the prior suit."). The Restaurant therefore attempted the other approach ad-

---

**7.** This conclusion is dictated by the Restaurant's pleading in the Settlement-Agreement Suit and by the standard of review; it is not based on our conclusion that the record in the Restaurant's appeal from the Trespass Suit shows that the trial court in that cause struck the pleadings asserting claims arising from the Rule 11 settlement agreement without ruling on the merits of those claims. *See supra* Section II. The 2013 Trespass Suit and the 2016 Settlement-Agreement Suit are separate proceedings, and we review· the Restaurant's appeal from the judgment rendered in each cause on its own merits. In ruling on a motion to dismiss under Rule 91a, the trial court is permitted to consider only the material identified in that rule, *see Sanchez*, 494 S.W.3d at 724, and the material we may consider in our de novo review of the trial court's ruling is similarly circumscribed.

**8.** The Restaurant actually requests broader relief in the appeal of the Trespass Suit, but for the purpose of reviewing the trial court's ruling on the motion to dismiss in the Settlement-Agreement Suit, we accept the allegation as true.

**9.** *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

dressed in *Mantas*, that is, it filed a separate suit to resolve the settlement dispute and asked the appellate court to abate the appeal of the underlying cause pending that resolution.

Our own precedent indicates that res judicata would not apply in these circumstances. *See Wood v. Cosme*, 447 S.W.2d 746, 750 (Tex. Civ. App.—Houston [14th Dist.] 1969, no writ) (holding that res judicata does not bar litigation of a claim pleaded in an earlier case if the record of the case shows that "the court refused to decide" the issue). In the unusual circumstances presented here, we hold that the trial court erred in concluding that the Restaurant's pleading in the Settlement-Agreement Suit establishes that the Restaurant's claims arising from the Rule 11 settlement agreement have no basis in law.

We sustain the Restaurant's issues challenging the dismissal of all of its claims and the award of Three Points' attorney's fees.[10] We reverse the trial court's judgment in the Settlement-Agreement Suit and remand the cause to the trial court for further proceedings. Because the Restaurant is now the prevailing party on the motion to dismiss, these further proceedings must include the assessment and award to the Restaurant of costs and reasonable and necessary attorney's fees. *See* TEX. R. CIV. P. 91a.7; *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 187–88 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

## IV. CONCLUSION

When a dispute over the enforceability of a settlement agreement is pleaded before judgment is rendered, the parties are entitled to have the settlement dispute resolved before proceeding further on the merits of the underlying claims. Pleading amendments raising such claims are to be freely allowed when, as in the present case, the new claims arising from the settlement agreement satisfy the rules governing late-filed pleading amendments. Because the trial court instead struck from the Trespass Suit the Restaurant's last-amended pleading asserting claims concerning the enforcement of the parties' Rule 11 settlement agreement, we reverse the trial court's judgment in Cause No. 2013-55732 and remand the cause to the trial court for retrial.

Contrary to the allegations in Three Points' Rule 91a motion to dismiss the Restaurant's claims in the Settlement-Agreement Suit, the Restaurant's pleading in that cause does not establish that its claims are barred by res judicata. We therefore reverse the judgment in Cause No. 2016-20891, and we remand that cause to the trial court for further proceedings, including the assessment and award to the Restaurant of costs and reasonable and necessary attorney's fees.[11]

**10.** For the parties' reference, we sustain Issue 1 ("The trial court erred in granting appellee's motion to dismiss appellant's cause of action to enforce the Rule 11 Agreement"), Issue 3 ("The trial court erred in dismissing appellant's other causes of action."), and Issue 4 ("The trial court erred in awarding attorney's fees to appellee."). Because our resolution of these three issues is dispositive of the Restaurant's appeal from the judgment in the Settlement-Agreement Suit, we do not

address the Restaurant's two remaining issues, in which it contends that the trial court improperly considered matters outside of the record and that the trial court's award of Three Points' attorney's fees is unsupported by evidence.

**11.** Our reversal and remand of both cases is not to be construed as encouragement to pursue duplicative litigation. The parties are, of course, free to move on remand for abate-

ment of one cause, or consolidation of both causes, etc.